IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:17-cv-35-BO

| | | |
|---|---|---|
| SUSAN S. HOLDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings, [D.E. 15, 17]. On December 21, 2017, the court held a hearing on the matter in Raleigh, North Carolina. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

## **BACKGROUND**

Plaintiff filed applications for disability and disability insurance benefits under Title II of the Social Security Act ("Act") and alleged a disability onset date of March 17, 2014. *See* [Tr. 12, 146-150]. Plaintiff's applications were denied initially and upon reconsideration. *See* [Tr. 12, 67, 83–91]. On July 21, 2016, an Administrative Law Judge ("ALJ") held a hearing to consider plaintiff's claims *de novo*. [Tr. 26–55].

On October 12, 2016, the ALJ issued a decision denying plaintiff's claims. [Tr. 12–21]. On January 26, 2017, the Appeals Council denied plaintiff's request for review, and the ALJ's decision became the Commissioner's final decision. [Tr. 1–7]. On March 27, 2017, plaintiff filed a complaint seeking judicial review pursuant to 42 U.S.C. § 405(g). [D.E. 5].

## LEGAL STANDARD

A district court's review of the Commissioner's final decision is limited to determining whether the correct legal standard was applied and whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," *Monroe v. Colvin*, 826 F.3d 176, 190 (4th Cir. 2016) (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." *Id.* at 189 (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

Under the Act, an individual is considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). Further:

> an individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other line of substantial gainful work . . . .

42 U.S.C. § 1382c(a)(3)(B).

2

The ALJ engages in a sequential five-step evaluation process to make an initial disability determination. 20 C.F.R. § 404.1520(a); *see Johnson*, 434 F.3d at 653. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). If a decision regarding the claimant's disability can be made at any step of the process, the ALJ's inquiry ceases. 20 C.F.R. § 404.1520(a)(4).

The ALJ denies the claim at step one if the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4). At step two, the ALJ denies the claim if the claimant does not have a severe impairment or combination of impairments significantly limiting her from performing basic work activities. *Id.* At step three, the ALJ compares the claimant's impairment to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed, or equivalent to a listed impairment, disability is conclusively presumed without considering the claimant's age, education, and work experience. 20 C.F.R. § 416.920(d). However, if the impairment does not meet or equal a listed impairment, the ALJ then makes a residual functional capacity ("RFC") finding. 20 C.F.R. § 404.1545(e).

The ALJ's RFC finding considers both severe and non-severe impairments, and takes into account both objective medical evidence as well as subjective complaints of pain and limitations. 20 C.F.R. § 404.1545(e). The ALJ considers the claimant's ability to meet the physical, mental, sensory, and other requirements of accomplishing work. 20 C.F.R. § 404.1545(a)(4). An RFC finding is meant to reflect the most that a claimant can do, despite her limitations. 20 C.F.R. § 404.1545(a)(1). An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day and five days per week. *See* SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006).

3

At step four, the ALJ considers a claimant's RFC to determine whether she can perform past relevant work ("PRW"). 20 C.F.R. § 416.920(a)(4). If not, the ALJ proceeds to step five: establishing whether the claimant–based on her RFC, age, education, and work experience–can perform substantial gainful other work. *Id.* To determine the available occupations that a claimant could perform, the ALJ relies on the *Dictionary of Occupational Titles* ("DOT"). If the claimant cannot perform other work, the ALJ finds her disabled. 20 C.F.R. § 416.920(a)(4).

## THE ALJ'S DECISION

Applying the sequential five-step evaluation process, the ALJ found that steps one through three favored plaintiff. [Tr. 14–20]. At step one, the ALJ found that, although plaintiff had worked subsequent to her alleged disability onset date of March 17, 2014, plaintiff nevertheless had not engaged in substantial gainful activity because her earnings were too modest. [Tr. 14].

At step two, the ALJ listed plaintiff's severe impairments, including: degenerative disc disease (DDD), sciatica, Chronic Obstructive Pulmonary Disease (COPD), history of methicillin resistant staphylococcus aureus (MRSA) infections, and obesity. *Id.* The ALJ determined that plaintiff's complaints of hypertension, hyperlipidemia, gastro-esophageal reflux disease (GERD), colon polyps, mild ileitis, diverticulosis, cholelithiasis, tinnitus, osteoporosis, and left knee pain were not severe impairments because these conditions no more than minimally impact her ability to work. [Tr. 15]. Specifically as to plaintiff's mental impairments–including depression, anxiety, alcohol dependence, and personality disorder–the ALJ found that these conditions were non-severe because they caused only mild limitations in her ability to perform basic mental work activities and did not result in any extended episodes of decompensation. [Tr. 15-16].

At step three, the ALJ found that none of plaintiff's severe or non-severe impairments, nor any combination, met or equaled one of the conditions in the Listing of Impairments. [Tr. 16–17].

4

The ALJ then determined that plaintiff had the RFC to perform light work, as defined in 20 C.F.R. §404.1567(b), with the following restrictions:

> the claimant can frequently climb ramps and stairs, but occasionally climb ladders, ropes, or scaffolds; she can frequently balance, but occasionally stoop, and frequently kneel, crouch and/or crawl; she must avoid concentrated exposure to temperature extremes of cold and heat, as well as humidity, and also concentrated exposure to pulmonary irritants, such as fumes, odors, dusts, gases, poor ventilation, and the like.

[Tr. 17]. The ALJ found that, although plaintiff had impairments which could reasonably be expected to produce the symptoms alleged, plaintiff's statements about the severity of her symptoms nevertheless were not fully credible. [Tr. 18]. The ALJ also noted that a June 2016 Magnetic Resonance Imaging (MRI) of plaintiff's lumbar spine indicated "mild spondylosis, facet arthropathy and grade 1 anterolisthesis of L4 on L5 with uncovering of the disc resulting in mild to moderate spinal canal stenosis and moderate narrowing of the left lateral recess; mild right and mild to moderate left exit foraminal stenosis." [Tr. 18] (quoting [Tr. 549]).

At step four, the ALJ found that plaintiff had the RFC to perform her PRW as a fast food worker, fast food manager, check/cahier, and computer systems sales representative [Tr. 20]. The ALJ accepted the testimony of the vocational expert ("VE") stating that "an individual of the claimant's age, education, work experience, and residual functional capacity, could perform all of these jobs consistent with the DOT. [Tr. 21]. The ALJ did not proceed to step five because he had determined that that plaintiff could perform her PRW at step four. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Act.

## DISCUSSION

Here, the ALJ acknowledged that plaintiff's back impairment–DDD/sciatica–was severe [Tr. 14], and noted that plaintiff had testified that she was unable to lift 20 pounds, had difficult standing for an eight-hour workday, and that her employer sends her home early two days a week

5

because of back pain [Tr. 17–18]. Nevertheless, the ALJ found that the weight of the evidence was not persuasive of a back disability [Tr. 18] and did not require any further RFC restrictions to address her back impairment beyond those discussed above, *see* [Tr. 17].

The court finds that the ALJ did not create a "logical bridge" to link the record evidence to the present RFC determination or otherwise indicate why, in spite of her severe back impairment, plaintiff was nevertheless capable of performing her PRW. *See Monroe*, 826 F.3d 189. For example, the ALJ noted the results of the June 2016 MRI [Tr. 18], but did not discuss whether these results indicated a worsening of plaintiff's back impairment or whether the current RFC actually accounts for this diagnostic result. Moreover, although the ALJ cited several record medical opinions indicating that plaintiff's ability to lift or carry would be "moderately impaired," "moderately severely impaired," or "moderately limited" due to her back condition, the ALJ merely found these medical opinions were vague or imprecise and gave them only partial weight, *see* [Tr. 19–20], but did not adequately explain this seemingly contradictory evidence in the record. *See Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) ("Remand may be appropriate, however, where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."); *accord Mascio*, 780 F.3d at 636.

Because the ALJ did not adequately address plaintiff's ability to perform the relevant functions of her PRW, frustrating meaningful review, the court finds that it is precluded from determining whether the ALJ's decision is supported by substantial evidence. *See Perales*, 402 U.S. at 401. Accordingly, the court will exercise its discretion and remand to the Commissioner for additional fact-finding, as necessary, to resolve the matter. *See Radford*, 734 F.3d at 296

6

(noting that remand, not reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review.").

Plaintiff also alleges that the ALJ erred by (1) failing to give a full function-by-function analysis of the non-exertional mental impairments, and (2) failing to give legally sufficient reasons for rejecting plaintiff's testimony and making a negative credibility determination. *See* [D.E. 16] at 2. However, because this case must be remanded on other grounds, the court need not address these additional contentions of error. *See Boone v. Barnhart*, 353 F.3d 203, 211 n.19 (3d Cir. 2003), *as amended* (Dec. 18, 2003).

Upon remand, the Commissioner shall properly assess the severity of the symptoms of, and the practical effects resulting from, plaintiff's back condition to determine whether plaintiff is able to lift, carry, and stand for extended periods as required for "light work." *See* 20 C.F.R. § 404.1567(b) (defining "light work" as work that requires a claimant to lift "no more than 20 pounds at a time with frequent carrying of objects weighing up to 10 pounds" and may also require "a good deal of walking or standing."); SSR 96-8p; *Hines*, 453 F.3d at 562.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [D.E. 15] is GRANTED and defendant's motion [D.E. 17] is DENIED. The decision of the Commissioner is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED.

This __ day of February, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7